## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **WILMA I. LEWIS**<br>    **Plaintiff** | ) | **CASE NUMBER:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HSBC BANK NEVADA, N.A. and**<br>**EXPERIAN INFORMATION**<br>**SOLUTIONS, INC.**<br>    **Defendants** | ) | |
| | ) | **JUNE 11, 2010** |

### I. <u>INTRODUCTION</u>

1.  This is a suit brought by a consumer, Wilma I. Lewis, against HSBC Bank Nevada, N.A. and Experian Information Solutions, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. This suit also includes pendent State law claims against Defendants for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq*.

### II. <u>PARTIES</u>

2.  Plaintiff, Wilma I. Lewis, is a natural person residing in Bolton, Connecticut. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3.  Defendant HSBC Bank Nevada, N.A. ("HSBC") is a Federally chartered Nevada-based bank that is engaged in the business of offering credit and collecting the resulting debts and is a furnisher of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s-2.

4. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation located in California and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1367, and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

## IV. FACTUAL ALLEGATIONS

8. Prior to their marriage, Plaintiff's husband had opened a credit card account (the "Account") with HSBC.

9. Plaintiff was subsequently added by her husband as an authorized user of the Account.

10. Plaintiff's husband defaulted on the payment obligations on the Account.

11., HSBC reported negative information Experian inaccurately stating that Plaintiff was a debtor on the Account.

12. The Account was the only negative credit item appearing on Plaintiff's Experian report at that time.

13. On or around December 8, 2009, Plaintiff did an online dispute with Experian regarding the Account.

2

14. In response to the aformentioned dispute, on or around December 14, 2009, HSBC sent Plaintiff a letter confirming receipt of Plaintiff's dispute and advising that it would not be deleting or changing the Account information as reported to Experian, and Experian continued to report the Account negatively on Plaintiff's credit report.

15. On or around April 17, 2010, World Financial Network Bank sent Plaintiff a notice advising her that it reduced Plaintiff's credit limit based upon information contained in Plaintiff's Experian report.

16. Experian issued Plaintiff a credit report dated April 28, 2010 which showed the Account reported as the only negative credit item on Plaintiff's credit report.

17. On or around May 19, 2010, Bank of America sent Plaintiff a letter advising her that it had declined her request for credit based on serious delinquency and account information contained in her Experian report.

18. Experian issued Plaintiff a credit report dated May 24, 2010 which showed the Account reported as the only negative credit item on Plaintiff's credit report.

## V. CLAIMS

### FIRST CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*
### Defendant HSBC

19. Plaintiff incorporates Paragraphs 1-18.

20. HSBC is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

21. Pursuant to FCRA § 1681s-2(b), HSBC has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with

Experian. HSBC knew or should have known, when it received notice of Plaintiff's dispute of the account from Experian, that it was reporting the Account inaccurately.

22. HSBC violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's dispute when requested to do so by Experian and by its failure to inform that consumer reporting agency to remove the Account from Plaintiff's credit report.

23. HSBC's failure to correct the disputed information and its continued inaccurate reporting to third parties constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

24. As a result of HSBC's failure to correct the disputed information, Plaintiff suffered an adverse action.

25. For its willful violations of the FCRA, HSBC is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

26. For its negligent violations of the FCRA, HSBC is liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FCRA § 1681o.

## SECOND CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*
### Defendant Experian

27. Plaintiff incorporates Paragraphs 1-18.

28. Experian is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

29. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with Experian.

4

30. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the Account when requested to do so.

31. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to HSBC constitute willful and/or negligent violations of FCRA § 1681i.

32. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

33. As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff suffered an adverse action.

34. For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

35. For its negligent violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**THIRD CAUSE OF ACTION**
**Violations of CUTPA, Conn. Gen. Stat. § 42-110a *et seq.***
**Defendant HSBC**

36. Plaintiff incorporates Paragraphs 1-18.

37. HSBC violated CUTPA by faling to perform a reasonable investigation when it received from Experian notice of Plaintiff's dispute and by failing to request Experian remove the Account as a negative item on Plaintiff's credit report.

38. HSBC's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

39. Plaintiff suffered an ascertainable loss as a result of HSBC's aforementioned actions.

40. HSBC violated CUTPA and is liable to Plaintiff for her monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

**FOURTH CAUSE OF ACTION**
**Violations of CUTPA, Conn. Gen. Stat. § 42-110a *et seq.***
**Defendant Experian**

41. Plaintiff incorporates Paragraphs 1-18.

42. Experian violated CUTPA by failing to perform a reasonable investigation in response to Plaintiff's dispute and by failing to follow reasonable procedures regarding the reporting of the Account.

43. Experian's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

44. Plaintiff suffered an ascertainable loss as a result of Experian's aformentioned actions.

45. Experian violated CUTPA and is liable to Plaintiff for her monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n; punitive damages pursuant to 15 U.S.C. § 1681; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; monetary damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.


                              PLAINTIFF, WILMA I. LEWIS



                        By:
                              Daniel S. Blinn, Fed Bar No. ct02188
                              Matthew W. Graeber, Fed Bar No. ct27545
                              Consumer Law Group, LLC
                              35 Cold Spring Rd. Suite 512
                              Rocky Hill, CT  06067
                              Tel. (860) 571-0408  Fax. (860) 571-7457
                              dblinn@consumerlawgroup.com
                              mgraeber@consumerlawgroup.com